John R. Yates, Esq. (SBN 120344)
YATES LITIGATION
16000 Ventura Boulevard
Tenth Floor, Suite 1000
Encino, California 91436
Tel: (818) 381-5891
Mobile: (213) 300-4425
Email: jyates@yateslitigation.com

Attorneys for Plaintiff, Cross-Defendant,
Third-Party Plaintiff and Cross-Complainant
Benjamin Pouladian And for Cross-Defendant Edith Pouladian

**UNITED STATES BANKRUPTCY COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES DIVISION)**

In re Deco Enterprises, Inc.

Debtor.

Benjamin Pouladian,

Plaintiff,

vs.

Deco Enterprises, Inc.; Craig Allen; and Does 1 through 10, inclusive

Defendants.

And Related Cross-Actions.

**CASE NO.: 2:20-bk-11846-BB**

**Chapter 11**

**Adv. Case No. 2:20-ap-01126.**

HON. SHERI BLUEBOND
COURTROOM 1549 ROYBAL BUILDING

**NOTICE OF MOTION AND MOTION OF CROSS-DEFENDANT EDITH POULADIAN PURSUANT TO RULE 12(B)6 ON DEFENDANT'S FIRST AMENDED CROSS-COMPLAINT;**

**REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY.**

Dqte: September 2, 2020
Time: 2:00 p.m.
Place: Courtroom 1549 Roybal



Yates Litigation

TO CROSS-COMPLAINANT DECO ENTERPRISES, INC. AND TO ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on September 2, 2020 at 2:00 p.m. in Courtroom 1549 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, cross-defendant Edith Pouladian will move pursuant to pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing cross-complainant Deco Enterprises, Inc.'s ("Deco") Eighth Cause of Action for Unjust Enrichment and Ninth Cause of Action for Declaratory Relief as to cross-defendant Edith Pouladian on the ground that as to moving party, neither cause of action states a claim upon which relief may be granted.

Cross-complainant Deco's Eighth Cause of Action fails to state facts upon which relief may be granted because unjust enrichment is a remedy, and not a cause of action or claim for relief. Cross-complainant's Ninth Cause of Action for Declaratory Relief does not state facts upon which relief may be granted because it states no charging allegations against moving party Edith Pouladian.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently, on the pleadings and papers on file with the Court at the time the Motion is heard, and on argument of counsel at the hearing of the Motion.

This Motion is made pursuant to the conference of counsel pursuant to Local Rule 7.3 in February 2020.

DATED: August 3, 2020

YATES LITIGATION

By: [signature]
JOHN R. YATES
Attorneys for Cross-Defendant
Edith Pouladian



Yates Litigation

Yates Litigation

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### DECO'S CROSS-COMPLAINT

Deco's cross-complaint presents a lengthy litany of alleged improper behavior by plaintiff and cross-defendant Benjamin Pouladian, most of which will be well within the protection of the Business Judgment Rule. In contrast, the cross-complaint barely mentions cross-defendant Edith Pouladian at all, possibly because Edith had no role whatsoever in managing or owning Deco.

This Motion challenges the eighth and ninth causes of action of Deco's cross-complaint on the ground that "unjust enrichment" is no longer a recognized cause of action in the Second Appellate District of the Superior Court of California, and because the ninth cause of action has no charging allegations against Edith Pouladian. Neither cause of action states a claim upon which relief may be granted as to Edith Pouladian, and the cross-complaint should be dismissed as to Edith without leave to amend.

### II.

### DECO'S EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT FAILS TO STATE FACTS SUFFICIENT FOR RELIEF TO BE GRANTED

The eighth cause of action for unjust enrichment fails because in the Second Appellate District, which includes Los Angeles County, unjust enrichment is no longer considered to be a cause of action. Instead, "unjust enrichment" is a factual finding that supports the relief of restitution. The latest citable appellate decision on the issue held as set forth below in sustaining a demurrer to an "unjust enrichment" cause of action without leave to amend, Everett v. Mountains Recreation & Conservation Authority, 239 Cal.App.4th 541, 553 (2015):

> The only issue argued in the parties' briefs on appeal regarding the issue of Everett's cause of action for "unjust enrichment" is whether California pleading law recognizes a "cause of action for unjust enrichment." We

> find "there is no cause of action in California for unjust enrichment." (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793 [131 Cal. Rptr. 2d 347].) Accordingly, we affirm the judgment in Everett's current case.

This Motion should be granted without leave to amend as to Edith Pouladian's challenge to the eighth cause of action for unjust enrichment because there is no possibility of pleading around the fact that the cause of action does not exist.

## III.

## DECO'S NINTH CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS TO STATE FACTS SUFFICIENT FOR RELIEF TO BE GRANTED

Deco's ninth cause of action for declaratory relief alleges mismanagement, breach of fiduciary duty, and conversion of Deco's funds against Benjamin Pouladian and seeks a declaration against Benjamin Pouladian that the Buy-Sell Agreement is terminated because Deco has become insolvent. There are no allegations against Edith Pouladian. The sole allegation pertaining to Edith in the entire cross-complaint is in paragraph 36, incorporated by reference into the ninth cause of action. Paragraph 36 states: "Pouladian used the funds he converted from Deco's credit cards to purchase a house in July of 2018, with his wife Edith Pouladian, to purchase a house for over $5,000,000."

At best, paragraph 36 alleges that Benjamin and Edith are both on title to their home. So what? The claim for relief seeks declaratory relief relates to the Buy-Sell Agreement, with which Edith Pouladian has absolutely nothing to do. She didn't sign it, there is no allegation that she did, and there could be no truthful allegation that she did because she did not. (*See*, Request for Judicial Notice.) This Motion should be granted without leave to amend as to Edith Pouladian's challenge to the ninth cause of action for declaratory relief because there is no possibility of pleading around the fact that there is no dispute between Edith and Deco relating to the Buy-Sell Agreement, and there can't possibly be one in the future.



Yates Litigation

## IV.

## CONCLUSION

Edith Pouladian's Motion pursuant to Rule 12(b)(6) should be granted as to cross-complainant Deco's Eighth and Ninth Causes of Action, Edith should be dismissed from this action forthwith, and Deco should not be permitted leave to amend.

DATED: August 3, 2020

YATES LITIGATION

By: [signature]
JOHN R. YATES
Attorneys for Cross-Defendant
Edith Pouladian

Yates Litigation

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify): **MOTION TO DISMISS PLAINTIFF'S COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 3, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Raymond H. Aver** ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **John R Yates** jyates@yateslitigation.com, jyates@yateslitigation.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) August 3, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 3, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Amy Mousavi, Esq.
Mousavi & Lee, LLP
amousavi@mousavilee.com

Attorneys for Deco Enterprises, Inc.

Thomas Pistone, Esq.
Pistone Law Group LLP
tpistone@pistonelawgroup.com

Attorneys for Deco Enterprises, Inc.

Raymond H. Aver, Esq.
Law Offices of Raymund H. Aver, APC
ray@averlaw.com

Attorneys for Deco Enterprises, Inc.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

August 3, 2020 — Marvin J. Ramos — Marvin J. Ramos

*Date* *Marvin J. Ramos* *Signature*