John R. Yates, Esq. (SBN 120344)
YATES LITIGATION
16000 Ventura Boulevard
Tenth Floor, Suite 1000
Encino, California 91436
Tel: (818) 381-5891
Mobile: (213) 300-4425
Email: jyates@yateslitigation.com

Attorneys for Counterclaimants
Benjamin Pouladian, Delara Pouladian, and Donna Ahdoot, in their Capacities as Trustees of the Abraham and Delara Pouladian Family Trust Amended and Restated February 24, 2015

**UNITED STATES BANKRUPTCY COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES DIVISION)**

| | |
|---|---|
| In re Deco Enterprises, Inc.<br><br>Debtor.<br><br>================================<br><br>Benjamin Pouladian,<br><br>Plaintiff,<br><br>vs.<br><br>Deco Enterprises, Inc.; Craig Allen; and Does 1 through 10, inclusive<br><br>Defendants. | **CASE NO.: 2:20-bk-11846-BB**<br><br>**Chapter 11**<br><br>**Adv. Case No. 2:20-ap-01126.**<br><br>HON. SHERI BLUEBOND<br>COURTROOM 1549 ROYBAL BUILDING<br><br>**COUNTERCLAIM FOR BREACH OF FIDUCIARY DUTY BY SIAMAK SINAI AND BABAK SINAI, AND INVOLUNTARY DISSOLUTION OF ABS CAPITOL, LLC** |
| DECO ENTERPRISES, INC.; ABS CAPITOL, LLS; and BABAK SINAI, an individual;<br><br>Cross-Claimants,<br><br>vs.<br><br>BENJAMIN POULADIAN; DELARA POULADIAN, TRUSTEE OF ABRAHAM AND DELARA POULADIAN FAMILY TRUST | |



Yates Litigation

| | |
|---|---|
| AMENDED AND RESTATED FEBRUARY 24, 2015; BENJAMIN POULADIAN, TRUSTEE OF ABRAHAM AND DELARA POULADIAN FAMILY TRUST AMENDED AND RESTATED FEBRUARY 24, 2015; DONNA AHDOOT, TRUSTEE OF ABRAHAM AND DELARA POULADIAN FAMILY TRUST AMENDED AND RESTATED FEBRUARY 24, 2015; AND ROES 1 through 20,<br><br>Cross-Defendants. | |
| DELARA POULADIAN, TRUSTEE OF ABRAHAM AND DELARA POULADIAN FAMILY TRUST AMENDED AND RESTATED FEBRUARY 24, 2015; BENJAMIN POULADIAN, TRUSTEE OF ABRAHAM AND DELARA POULADIAN FAMILY TRUST AMENDED AND RESTATED FEBRUARY 24, 2015; DONNA AHDOOT, TRUSTEE OF ABRAHAM AND DELARA POULADIAN FAMILY TRUST AMENDED AND RESTATED FEBRUARY 24, 2015;<br><br>Counterclaimants,<br><br>vs.<br><br>ABS CAPITOL, LLC; BABAK SINIA; SIAMAK SINAI; and JOES 1 through 10,<br>Cross-Defendants. | |

Yates Litigation

Yates Litigation

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334(b). This adversary proceeding arises in or is related to the chapter 11 case currently pending in this Court, *In re Deco Enterprises, Inc.,* Case No. 2:20-bk-11846-BB. All cross-defendants to this counterclaim are already parties to this adversary proceeding and properly before the Court.

2. Counterclaimants consent to the entry of final orders or judgments by the Bankruptcy Court in this proceeding.

3. Venue in the Bankruptcy Court is proper pursuant to 28 U.S.C. §1409 as this adversary proceeding arises in or relates to *In re Deco Enterprises, Inc.*

## PARTIES AND GENERAL ALLEGATIONS

4. Counterclaimants Benjamin Pouladian, Delara Pouladian and Donna Ahdoot ("the Trustees") are the trustees of the Abraham and Delara Pouladian Family Trust Amended and Restated February 24, 2015 ("the Trust") and assert this counterclaim in their capacities as Trustees on behalf of the Trust.

5. The Trust is a member of cross-defendant ABS Capitol, LLC ("ABS"), a California limited liability corporation in good standing and registered with the California Secretary of State on August 17, 1999. The Trust owns a 25% membership interest in ABS.

6. Cross-defendant Babak Sinai ("Babak") owns a 25% membership interest in ABS.

7. Cross-defendant Siamak Sinai ("Siamak") owns a 50% membership interest in ABS, and serves as the managing member of ABS.

8. Cross-defendants are unaware of the true names and capacities of the cross-defendants sued herein as Joes 1 through 5, inclusive, and therefore sues said cross-defendants by such fictitious names. Counterclaimants will seek leave to amend this counterclaim to show their true names and capacities when the same have been

ascertained. Counterclaimants allege on information and belief that at all times relevant to this counterclaim, cross-defendants Joes 1 through 5, and each of them individually, were the agents, servants, and employees of each of cross-defendants ABS, Siamak and Babak, and in doing the acts herein alleged, each was acting within the course and scope of said agency and employment.

9. The only assets of ABS are real estate and the income derived from the lease of that real estate. Specifically, ABS owns the real estate commonly known as 2917 South Vail Avenue in Commerce, California, and the real estate commonly known as 15826 Hawthorne Boulevard in Lawndale, California. Both locations are improved with structures that are used by the tenants for industrial and commercial purposes. The Vail Avenue property is leased to Deco Enterprise, Inc. ("Deco"), a corporation in which Siamak and Babak, along with their brother Saman Sinai, own 70% of the shares. The Hawthorne Boulevard property is leased to Capital Lighting and Electric Supply of South Bay, Inc. ("Capital"), a corporation in which Babak and Siamak own 75% of the shares.

10. Counterclaimants have learned that Siamak has abused his authority and mismanaged ABS.

11. Siamak has failed to charge market rate rents to ABS' tenants Deco and Capital because the tenants are business entities in which Siamak and Babak own controlling interests. Failure to charge market rents has caused ABS to lose hundreds of thousands of dollars and effectively transferred that income to the ABS tenant entities controlled by Siamak and Babak. The loss to ABS automatically constitutes a loss to counterclaimants by reducing the distributions payable to the Trust pursuant to the Trust's 25% interest in ABS, and by artificially depressing the value of ABS' real property, and the Trust's equity therein, if the real property is sold. Counterclaimants do not have and have never had the ability to compel Siamak to charge higher rents to ABS' tenants due to the Trust's status as a minority interest holder of ABS.

12. Siamak has caused the Vail Avenue property of ABS to be encumbered with liens in favor of Deco's primary lender, Siena Lending Group, LLC ("Siena") by permitting ABS to serve as a guarantor of Deco's debt to Siena, which currently is believed to be approximately $3.2 million. Under the terms of the guaranty, the amount of debt guaranteed by ABS and its real estate assets may continue to increase with no way of capping the sum guaranteed.

13. Deco is currently the debtor in the related Chapter 11 case. Counterclaimants are informed and believe and thereon allege that Siena will soon seek to recover the amount owed by Deco by foreclosing on the Vail Avenue property of ABS. Such foreclosure will cause the value of the Trust's 25% interest in ABS to decrease by at least 50%, with a corresponding fall in the amount of distributions from the Trust and, ultimately, to counterclaimants.

14. Counterclaimants are informed and believe and thereon allege that as an alternative to Siena's foreclosure on ABS' Vail Avenue property, Siamak and Babak intend to permit the use of all of ABS' remaining equity value in its real estate assets, including both the Vail Avenue and Hawthorne Boulevard properties, to refinance Deco and pay the amount owed to Siena in full. Counterclaimants are further informed and believed that Siamak and Babak intend to pay off Siena without obtaining on behalf of ABS, Siena's first-position lien on all of Deco's assets to ABS as provided for in California Civil Code §§2847, 2848 and 2849, and in that manner intentionally failing to protect ABS' rights as a guarantor.

15. The Trust has requested that Deco and Siena provide for the protection of ABS' lien rights in any agreement they reach but has received no response suggesting that this would occur. If ABS does not receive Siena's first lien position in exchange for paying off Deco's debt to Siena, then Siamak and Babak will have, in effect, approved a seven-figure loan from a solvent real estate holding company to a chapter 11 debtor without requiring any security for the loan. By any standard, permitting that to happen amounts to intentional, reckless and wanton mismanagement of ABS and a



Yates Litigation

gross disregard of the obligation to protect the interests of minority members such as ABS.

16. The inevitable result of permitting Deco to use the remainder of ABS' real estate equity to refinance and pay off Siena will be that the value of the Trust's share of the equity value in ABS will decrease precipitously, as will distributions to the Trust and, ultimately, to counterclaimants.

17. Siamak has also failed to demand that Deco either accept or reject its lease with ABS. As a result, Siamak is intentionally forfeiting the opportunity to either compel Deco to pay market rent, or to lease the Vail Avenue property to another tenant who will pay market rent. Once again, Siamak's intentional mismanagement of ABS is causing the Trust to suffer financial losses.

18. Counterclaimants are further informed and believe and thereon allege that Siamak and Babak intend to permit the full use of ABS' remaining equity in its real estate holdings to pay off Siena's loan to Deco without the approval of 100% of the membership interests in ABS. Unanimous consent of the members is required by California Corporations Code §17704.0 7(c)(4)(A) when a limited liability company is involved in a transaction outside the scope of its normal business, or when a limited liability company plans to dispose of all of its assets. Payment of Siena in full without receiving Siena's first lien position is in effect the disposition of a substantial portion of ABS' assets, and putting ABS in the role of debtor on a loan made to Deco is outside the normal scope of ABS' normal business activities as a real estate holding company.

19. Siamak and Babak are also engaged in litigation with Benjamin Pouladian, individually, and now with each of the Trustees of the Trust in their capacities as Trustees. As a result, management of ABS is characterized by internal dissension and a disregard for the interests of the minority owner, the Trust.

///

///

Yates Litigation

## FIRST CLAIM FOR RELIEF

**(By the Trustees against Siamak Sinai, Babak Sinai, and Joes 1 through 5, for Breach of Fiduciary Duty)**

20. The Trustees incorporate by this reference the allegations of paragraphs 4 through 19 above, as if set forth in full.

21. The actions of Siamak and Babak as alleged herein constitute a breach of their fiduciary duties to the Trust, in the Trust's capacity as a 25% owner of ABS, and in Siamak's and Babak's joint capacities as controlling owners of ABS.

22. Siamak's and Babak's breaches of fiduciary duty have caused damages to the Trust in a sum far exceeding the minimum jurisdictional requirements of this Court.

23. Siamak's and Babak's breaches of fiduciary duty have been intentional and reckless, and carried out in conscious disregard of the rights of the Trust as a minority owner of ABS.

## SECOND CLAIM FOR RELIEF

**(By the Trustees for Involuntary Dissolution of ABS Capitol, LLC)**

24. The Trust incorporates by this reference the allegations of paragraphs 4 through 19 and 21 through 23 above, as if set forth in full.

25. Dissolution of ABS is reasonably necessary to protect the rights and interests of the Trust.

26. Siamak and Babak, the two members controlling ABS, on all the grounds alleged herein have recklessly and intentionally committed mismanagement of ABS by using its assets for the benefit of Deco, rather than for the benefit of ABS. Siamak's and Babak's actions gravely threaten the ability of ABS to continue to engage in the business for which it was formed, as a result of the liquidation or encumbrance or both of ABS' assets for the sole benefit of Deco. The Trust has been unable to prevent this mismanagement because Siamak and Babak have not submitted the payoff of Siena for a vote of approval by the members of ABS, and because the



Yates Litigation

Trust's minority membership interest enables it to be outvoted by Siamak and Babak on any issue not requiring consent of all members.

WHEREFOR, Benjamin Pouladian, Delara Pouladian and Donna Ahdoot, in their capacities as trustees of the Abraham and Delara Pouladian Family Trust Amended and Restated February 24, 2015, request that the Court order relief as set forth below:

<u>ON THE FIRST CLAIM FOR RELIEF FOR BREACH OF FIDICUIARY DUTY</u>

1. For damages against defendants Siamak Sinai and Babak Sinai and Joes 1 through 5 in an amount according to proof;
2. For exemplary damages in the maximum Constitutionally permissible amount;
3. For such other relief as the Court deems just and proper.

<u>ON THE SECOND CLAIM FOR RELIEF FOR INVOLUNTARY DISSOLUTION OF ABS CAPITOL, LLL</u>

4. that the Court issue a decree dissolving ABS Capitol, LLC and ordering that its assets be sold at public auction by a reputable company in that business, which shall provide adequate public notice of the date, place and terms of the auction;
5. that the Court provide for notification of creditors and account debtors so that claims against ABS Capitol, LLC and by ABS Capitol, LLC may be made and appropriately wound up; and
6. that the Court make such other orders as may be necessary and equitable.

Alternatively, in the event that Siamak Sinai and Babak Sinai wish to purchase the 25% interest of the Trust in ABS Capitol, LLC:

7. that the Court order the appraisal of ABS Capitol, LLC as described in California Corporations Code §17351(b)(3);

8. that Siamak Sinai and Babak Sinai be ordered to post a bond to secure the purchase and stay the dissolution and winding up procedure;

9. that Siamak Sinai and Babak Sinai be ordered to cooperate with the appraisers in such manner as the appraisers deem necessary to ascertain the value of the Trust's interest in ABS Capitol, LLC;

10. that Siamak Sinai and Babak Sinai make payment by wire transfer on a date certain not later than 60 days after delivery of the appraisal to the Court of a sum corresponding to the appraised value of the Trust's interest in ABS Capitol, LLC; and

11. that the Court make such other orders as may be necessary and equitable.

DATED: October 6, 2020

YATES LITIGATION

By: ______________________
JOHN R. YATES
Attorney for Counterclaimants Benjamin Pouladian, Delara Pouladian, and Donna Ahdoot, in their Capacities as Trustees of the Abraham and Delara Pouladian Family Trust Amended and Restated February 24, 2015

**VERIFICATION**

I, Benjamin Pouladian, am a Trustee of the Abraham and Delara Pouladian Family Trust Amended and Restated February 24, 2015 ("the Trust"), and am authorized to make this verification on behalf of the Trust. The allegations of the counterclaim are true of my own personal knowledge except where stated to be upon information and belief, and as to those allegations I believe them to be true.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5 day of October 2020 at Los Angeles, California.

BENJAMIN POULADIAN, TRUSTEE

## VERIFICATION

I, Delara Pouladian, am a Trustee of the Abraham and Delara Pouladian Family Trust Amended and Restated February 24, 2015 ("the Trust"), and am authorized to make this verification on behalf of the Trust. The allegations of the counterclaim are true of my own personal knowledge except where stated to be upon information and belief, and as to those allegations I believe them to be true.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5 day of October 2020 at Los Angeles, California.

Delara Pouladian

DELARA POULADIAN, TRUSTEE

**VERIFICATION**

I, Donna Ahdoot, am a Trustee of the Abraham and Delara Pouladian Family Trust Amended and Restated February 24, 2015 ("the Trust"), and am authorized to make this verification on behalf of the Trust. The allegations of the counterclaim are true of my own personal knowledge except where stated to be upon information and belief, and as to those allegations I believe them to be true.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6 day of October 2020 at Manhattan Beach, California.

DONNA AHDOOT, TRUSTEE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify): **COUNTERCLAIM FOR BREACH OF FIDUCIARY DUTY BY SIAMAK SINAI AND BABAK SINAI, AND INVOLUNTARY DISSOLUTION OF ABS CAPITOL, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 6, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Raymond H. Aver** ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com
- **Amy Mousavi** amousavi@mousavilee.com, admin@mousavilee.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **John R Yates** jyates@yateslitigation.com, jyates@yateslitigation.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) October 6, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 6, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Thomas Pistone, Esq<br>Pistone Law Group LLP<br>tpistone@pistonelawgroup.com<br>***VIA E-mail*** | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October 6, 2020 — Marvin J. Ramos — [signature]

*Date* *Signature*